# United States District Court
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| ANITA D. CARAWAY and ERICA CARAWAY, individually and as next friend of minor K.D. | § § § § | |
| v. | § § | CIVIL ACTION NO. 3:21-CV-319-S |
| ANDREA O. MANDELLA and KLLM TRANSPORT SERVICES, LLC | § § § | |

## MEMORANDUM OPINION AND ORDER

This order addresses Plaintiffs' Motion to Remand [ECF No. 20]. For the following reasons, the Court **DENIES** the Motion to Remand.

### I.     BACKGROUND

This case concerns a vehicular accident that occurred on February 29, 2020, in Dallas County, Texas. Plaintiffs Anita D. Caraway and Erica N. Caraway, individually and as next friend of K.D., a minor (together, "Plaintiffs"), allege that the accident was caused by Defendant Andrea O. Mandella ("Mandella") operating a commercial truck in connection with the operations of Defendant KLLM Transport Services, LLC ("KLLM," and together, "Defendants"). On January 19, 2021, Plaintiffs filed a lawsuit against Defendants in the 192nd Judicial District Court of Dallas County, Texas, Cause No. DC-21-00644. *See* Orig. Pet. [ECF No. 1] Ex. C. Plaintiffs' Original Petition alleges claims for negligence, respondeat superior, negligent entrustment, and negligent hiring, supervision, training, and retention. *Id.* ¶¶ 19-36. Plaintiffs state in their Original Petition that they "seek monetary relief over $250,000, but not more than $1,000,000." *Id.* ¶ 8.

Defendants filed their Notice of Removal [ECF No. 1] on February 12, 2021 and filed an amended Notice of Removal [ECF No. 6] on March 9, 2021, more fully alleging the citizenship of

the parties. On July 7, 2021, Plaintiffs filed their Motion to Remand [ECF No. 19], thereafter amended on July 9, 2021 [ECF No. 20].

## II. LEGAL STANDARD

Any civil action brought in a state court of which the federal district courts have original jurisdiction may be removed to the district court embracing the place where such action is pending. 28 U.S.C. § 1441(a). Federal courts are courts of limited jurisdiction, possessing only power authorized by the Constitution or statute. *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation omitted). A federal court must presume that a cause of action lies outside its limited jurisdiction, and the party asserting jurisdiction bears the burden of establishing the contrary. *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 258-59 (5th Cir. 2014) (citation omitted). Because removal raises significant federalism concerns, removal is strictly construed and any doubt about the propriety of removal jurisdiction is resolved in favor of remand. *See Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007) (citations omitted). The two principal bases upon which a district court may exercise removal jurisdiction are: (1) the existence of a federal question, *see* 28 U.S.C. § 1331; and (2) complete diversity of citizenship among the parties, *see* 28 U.S.C. § 1332.

When the suit is removed on the basis of diversity, the removing party must establish by a preponderance of the evidence that: (1) the amount in controversy exceeds $75,000; and (2) all persons on one side of the controversy are citizens of different states than all persons on the other side of the controversy. *Frye v. Anadarko Petroleum Corp.*, 953 F.3d 285, 293 (5th Cir. 2019) (citation omitted); *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008) (citations omitted) ("The party seeking to assert federal jurisdiction . . . has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists."). Diversity of

citizenship must exist both at the time of filing in state court and at the time of removal to federal court. *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996) (citations omitted).

### III.   ANALYSIS

It is undisputed that complete diversity exists in this case. Plaintiffs are all citizens of Texas. Am. Not. of Removal ¶ 7. Mandella is a citizen of Illinois. *Id.* ¶ 8. KLLM is a citizen of Mississippi. *Id.* ¶¶ 9-12. Plaintiffs contend, however, that the Section 1332(a) amount in controversy requirement is not satisfied because Plaintiffs "stipulate the amount in controversy for at least two of the Plaintiffs in this matter do not exceed Seventy-Five Thousand Dollars ($75,000.00)." Mot. to Remand 2.

In cases with multiple plaintiffs, damage claims usually cannot be aggregated to meet the minimum amount in controversy limit. *Snyder v. Harris.*, 394 U.S. 332 (1969). However, "where the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, § 1367 does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005); *see also Griffin v. Lee*, 621 F.3d 380, 389 (5th Cir. 2010) ("The Supreme Court has concluded that in a diversity case in which some original plaintiffs satisfy the amount in controversy requirement, but others do not, § 1367(a) confers supplemental jurisdiction over all claims that are part of the same Article III case or controversy, including those that do not independently satisfy the amount in controversy requirement."); *Bonin v. Sabine River Auth. of La.*, 961 F.3d 381, 386 (5th Cir. 2020) (Section 1331(a) requires that "at least one plaintiff's claim must satisfy the $75,000 individual amount in controversy requirement.") (cleaned up); *H&D Tire & Auto.-Hardware Inc. v. Pitney Bowes Inc.*, 250 F.3d 302, 306 (5th Cir. 2001) ("the amount in

controversy could only be satisfied if at least one of the named plaintiffs claimed damages in excess of [the jurisdictional amount].").

In their Motion to Remand, Plaintiffs indicate that only two of the three plaintiffs' claims do not exceed the $75,000 jurisdictional minimum. Motion to Remand 2. In their Original Petition, Plaintiffs indicate that they "seek monetary relief over $250,000, but not more than $1,000,000." Orig. Pet. ¶ 8. Therefore, at least one plaintiff is seeking monetary relief in excess of the $75,000 minimum, satisfying Section 1332(a)'s amount-in-controversy requirement. The other plaintiffs' claims arise as part of the same case or controversy arising from a single automobile accident. *See* Orig. Pet. ¶¶ 10-14. As a result, this Court has supplemental jurisdiction over those claims under Section 1367 even if they do not independently satisfy the amount in controversy requirement. *Exxon*, 545 U.S. at 549.

## IV.    CONCLUSION

Because there is complete diversity of citizenship and the amount in controversy is satisfied by at least one plaintiff, the Court denies Plaintiffs' Motion to Remand.

**SO ORDERED.**

SIGNED August 6, 2021.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**

4